**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES PRITCHETT,

    Plaintiff,                          Civil Action No. 09-10426

v.                                            HONORABLE DENISE PAGE HOOD

JUDGE PAUL D. BORMAN and
JUDGE BERNARD A. FRIEDMAN,

    Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

Before the Court is Plaintiff Charles Pritchett's Complaint. Plaintiff did not submit a filing fee with the Complaint as required by 28 U.S.C. § 1914 nor did Plaintiff submit an Application to Proceed *In Forma Pauperis* as required by 28 U.S.C. § 1915. Plaintiff has filed several complaints in this District, all requesting *In Forma Pauperis* status and all summarily dismissed.[1] Plaintiff, therefore, is aware of the District's procedures and requirements regarding filing of complaints.

Notwithstanding the failure to file any filing fee, the Court has the authority to dismiss the case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint alleges in full:

---

[1] *Pritchett v. Jernberg Forgings Co.* (07-15140)(Battani); *Pritchett v. Jernberg Forgings Co.* (08-11401)(Friedman); *Pritchett v. Ralcliff* (08-13493)(Feikens); *Pritchett v. Fox* (08-13494)(Feikens); *Pritchett v. Jackson* (08-13495)(Feikens); *Pritchett v. Jemison* (08-13496)(Edmunds); *Pritchett v. Trotter* (08-13497)(Borman); *Pritchett v. Beechman* (08-14714)(Borman); and *Pritchett v. Spine* (08-12276)(O'Meara).

> On 01-16-09, I Charles Pritchett is filing a criminal charges against Jernberg Forgings Company for "steeling" (sic) my unemployment checks[.] On July, 1998 my decision, was overturn, and I now received my "disbility," (sic) I wrote to Tom Beechman at Jernberg Forgings Company, and ask Tom Beechman to reopen my worker's conpensations (sic) case, and he "denied" me informations (sic), about the cases.

A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Liberally construing the Complaint, Plaintiff fails to state a claim against the named-Defendants (Judges Borman and Friedman). Plaintiff mentions Jernberg Forgings and Tom Beechman in the Complaint. The Complaints against these "persons" were previously dismissed in prior cases filed by Plaintiff in this District before Judges Borman and Friedman. (See *Pritchett v. Jernberg Forgings Company,* Case No. 08-11401 (E.D. Mich. May 1, 2008)(J. Friedman dismissing the Complaint for failure to state a claim and as frivolous) and *Pritchett v. Beechman,* Case No. 08-14714 (E.D. Mich. Nov. 24, 2008)(J. Borman dismissing the Complaint for failure to state a claim)).

The Complaint is devoid of any claims against Defendants Borman and Friedman. Fed. R. Civ. P. 12(b)(6). In any event, Judges Borman and Friedman, acting in their official capacity as judges in this District, are entitled to absolute immunity. It is well settled that judicial officers are absolutely immune from claims for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Plaintiff's Complaint must be dismissed.

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is DISMISSED as for failure to state a claim under Fed. R. Civ. B. 12(b)(6) and as frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: February 27, 2009

    hereby certify that a copy of the foregoing document was served upon:

        Charles Pritchett
        800 E. Court Street, Apt. 345
        Flint, MI 48503

counsel of record on February 27, 2009, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager